Jeffrey Thomas Norberg, Oregon Bar No. 210837
jnorberg@nealmcdevitt.com
Neal & McDevitt, LLC
1776 Ash Street
Chicago, Illinois 60093
847-881-2468
Attorney for Plaintiff


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., an Iowa Corporation, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND TRADEMARK DILUTION |
| USPRINCIPAL.LIVE, a business of an unknown type; THE UNKNOWN INDIVIDUAL(S) OR BUSINESS ENTITY OWNER(S) of the domain usprincipal.live; JOHN DOES 1 through 10, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, Principal Financial Services, Inc. (hereinafter "Plaintiff" or "Principal"), brings

this action against Defendants usprincipal.live, the unknown individual(s) or business entity

owner(s) of the doman usprincipal.live, and John Does 1 through 10  (hereinafter collectively

referred to as "US Principal" or "Defendants"), and alleges as follows:

COMPLAINT                                1

## NATURE OF THE ACTION

Principal brings this action to protect one of its most valuable assets: its PRINCIPAL trademark.  Principal seeks to put an end to Defendants' unlawful use of the infringing US PRINCIPAL trade name and service marks – such use having continued despite Principal's demands that Defendants cease and desist.  Principal therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, dilution and cybersquatting under the Lanham Act, Title 15, United States Code §1051, *et seq*., and the statutes and common laws of the State of Oregon.

## PARTIES

1.      Principal is a corporation duly organized and existing under the laws of the State of Iowa and located at 711 High Street, Des Moines, Iowa 50392.

2.      Principal is a direct, wholly owned subsidiary of Principal Financial Group, Inc. (NASDAQ-PFG).

3.      Principal is a Fortune 500® company and owns the family of famous PRINCIPAL and PRINCIPAL formative trademarks in the United States and throughout the world.  Principal, through its various member companies and licensees, uses its family of famous PRINCIPAL and PRINCIPAL formative trademarks in interstate commerce and throughout the world in connection with a variety of services including, but not limited to, real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds, retirement, and global asset management.

4.      The true identities of Defendants are currently unknown to Plaintiff, and are currently being masked by the registrar of Defendants' website, Porkbun, LLC ("Porkbun").  Upon information and belief, Defendants are individuals, companies, and/or unincorporated associates who own and operate the domain www.usprincipal.live ("Defendants' Website") and create the

COMPLAINT                                        2

website content, which prominently features unauthorized copies of the PRINCIPAL trademark and service mark.  Evidence of Defendants' Website and Defendants' infringing conduct can be found in Exhibit 1.

## JURISDICTION AND VENUE

5.      This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq.*, subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. §1367.

6.      This Court has specific personal jurisdiction over Defendants.  Defendants have masked their identities and use a false business address on their website.  Defendants have directed their infringing activities at the State of Oregon by registering the infringing domain, www.usprincipal.live, through which they conduct their infringing activities, with a registrar based within this District and Division: Porkbun.  According to Porkbun's website, Porkbun is located at 21370 SE Langer Farms Parkway, Suite 142-429, Sherwood, OR 97140.  Attached hereto as Exhibit 2 is a true and correct copy of a Whois printout showing, among other things, that the registrar of Defendants' domain is Porkbun.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§1391 (b) and (c).  Defendants market and offer their services in interstate commerce and within the District of Oregon under the US PRINCIPAL trade name and service mark.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Famous PRINCIPAL Family of Trademarks

8.      Founded more than a century ago, Principal is one of the oldest and most respected providers of real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds,

retirement, and global asset management services (hereinafter "Plaintiff's Services"). Principal, via its predecessor in interest, has used its famous PRINCIPAL mark since at least as early as 1960. Today Principal is one of the top providers of financial, investment, retirement, insurance and asset management services in the United States and around the world and has more than $714 billion in assets under management, as of the end of the first quarter 2022. Examples of Principal's use of its PRINCIPAL mark can be found in attached Exhibit 3.

9.      By its longstanding and widespread use of the PRINCIPAL mark in connection with a variety of services, Principal is the owner of the family of famous PRINCIPAL and PRINCIPAL formative trademarks, including, but not limited to, PRINCIPAL, THE PRINCIPAL, PRINCIPAL FINANCIAL GROUP, PRINCIPAL REAL ESTATE INVESTORS, PRINCIPAL GLOBAL INVESTORS, PRINCIPAL LIFE INSURANCE COMPANY and PRINCIPAL ASSET MANAGEMENT. Principal has applied for and obtained numerous United States Trademark Registrations for marks that consist of or incorporate the term "Principal". See, Exhibit 4. Copies of Principal's United States Trademark Registration Certificates are attached hereto as Exhibit 5. Principal's common law PRINCIPAL formative marks along with the uses, Registrations, and Applications depicted in Exhibits 3, 4 and 5 are hereinafter collectively referred to as the "PRINCIPAL Family of Marks".

10.      Principal has invested more than one billion dollars in advertising and promoting its products and services under the PRINCIPAL Family of Marks, thus developing valuable goodwill and establishing the PRINCIPAL Family of Marks as a designation of source for Principal's services. Principal's customers have come to rely on the PRINCIPAL Family of Marks as a symbol of quality and reliability.

11.    Since long before the acts of the Defendants complained of herein, Principal and/or its affiliates, licensees, or predecessors-in-interest have continuously used one or more of the marks that comprise its PRINCIPAL Family of Marks in the State of Oregon and elsewhere in interstate commerce.

<u>**Defendants' Infringing and Dilutive Acts**</u>

12.    Upon information and belief, Defendants developed, published and maintain a website using the domain name <www.usprincipal.live>.  Defendants' website is not clear on the precise services it provides, but Defendants generally claim to be in the field of financial asset management ("Defendants' Services"):



13.    On the "About" section of their website, Defendants list the services they provide as "smart trading", "guaranteed profit", "data security", "fast withdrawals", "24/7 support service", and "no hidden charge":



14.    Defendants have taken steps to conceal their identity by using a Privacy Protection Service to mask the identity of the owner of the <usprincipal.live> domain.

15.    Defendants offers Defendants' Services in interstate commerce and in channels of trade similar to those of Principal and/or its affiliates and/or licensees.

16.    Notwithstanding Principal's well-established rights in and to the PRINCIPAL Family of Marks and with constructive and/or actual knowledge of same, Defendants commenced use of the US PRINCIPAL trade name and service mark in connection with Defendants' Services within the State of Oregon and in interstate commerce.

17.    Defendants' use of the US PRINCIPAL trade name and service mark is likely to cause confusion as to source of, origin of, sponsorship with, or affiliation with Plaintiff's PRINCIPAL Family of Marks.

18.    Plaintiff's Services and Defendants' Services and the classes of consumers who purchase such services are identical or virtually identical.

COMPLAINT                                        6

19.    Defendants adopted the US PRINCIPAL trade name and service mark without the express or implied consent of Plaintiff.

20.    At no time did Plaintiff authorize, license, or otherwise permit Defendants to use or display any of the marks making up the famous PRINCIPAL Family of Marks or any marks that incorporate the PRINCIPAL mark.

21.    Principal sent demand letters to Defendants on May 9 and June 9, 2022. Defendants have not responded to these letters. Defendants have therefore been informed of Principal's rights in its famous PRINCIPAL Family of Marks and nevertheless continue to use the US PRINCIPAL trade name and service mark, trading on the goodwill Principal has built over more than sixty years, despite Principal's objections.

22.    Defendants have used and continue to use the US PRINCIPAL trade name and service mark in interstate commerce in connection with Defendants' Services in direct violation of Principal's rights in and to the PRINCIPAL Family of Marks, despite Plaintiff's consistent and ongoing objection to the same.

23.    Defendants' infringing activities continue despite actual and/or constructive notice of Principal's rights in and to its famous PRINCIPAL Family of Marks, thus Defendants' actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

24.    Defendants do not have a legitimate reason or good faith basis to use the US PRINCIPAL trade name and service mark in commerce.

25.    In light of Defendants' actual and/or constructive notice of Principal's rights in and to its famous PRINCIPAL Family of Marks, Defendants' actions are willful, deliberate, and

specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

26.     Defendants' past and ongoing use of the US PRINCIPAL trade name and service mark, which is confusingly similar to one or more of the marks in the famous PRINCIPAL Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendants are restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the PRINCIPAL Family of Marks and Plaintiff's business reputation.

## COUNT I

### Violations of Section 32(1) of the Lanham Act – Trademark Infringement

27.     Principal repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

28.     Defendants' use of the US PRINCIPAL trade name and service mark is likely to cause confusion, mistake, or deception as to the origin or source of Defendants' Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

29.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' Services, to injure Principal, and/or to reap the benefit of Principal's goodwill associated with the PRINCIPAL Family of Marks.

30.     Defendants' acts as alleged herein constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

31.     Defendants' acts as complained herein have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

32.     Plaintiff has no adequate remedy at law.

33.    Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

34.    Principal repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

35.    Defendants' promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendants' Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' Services, and are intended, and are likely to cause such parties mistakenly to believe that Defendants' Services have been authorized, sponsored, approved, endorsed or licensed by Principal, or that Defendants are in some way affiliated with Principal, which they are not.

36.    Defendants' use of the US PRINCIPAL trade name and service mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

37.    Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

38.    Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

39.    Plaintiff has no adequate remedy at law.

40.    Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

COMPLAINT                                    9

## COUNT III

### Violation of Section 43(c) of the Lanham Act – Trademark Dilution

41.    Principal repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

42.    Based on the inherent or acquired distinctiveness of the PRINCIPAL Family of Marks, the duration and extent of Principal's use of the PRINCIPAL Family of Marks, the duration and extent of advertising featuring the PRINCIPAL Family of Marks, the geographic area in which Principal has sold and advertised goods or services featuring the PRINCIPAL Family of Marks, the nature of the trade channels Principal uses to market goods or services featuring the PRINCIPAL Family of Marks compared to the channels through which Defendants sell their services, the degree of public recognition of the PRINCIPAL Family of Marks, and the various federal registrations for the PRINCIPAL Family of Marks, the PRINCIPAL Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

43.    The aforesaid willful and deliberate acts of Defendants, all occurring after the PRINCIPAL Family of Marks became famous, have caused and continue to cause dilution or are likely to cause dilution of the famous PRINCIPAL Family of Marks and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).  Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

44.    Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## COUNT IV

### Violation of Section 43(d) of the Lanham Act – Cybersquatting

45.     Principal repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

46.     On information and belief, Defendants are the registrant of the domain name <usprincipal.live> (the "Domain Name") or are the authorized licensee of the registrant of the Domain Name.

47.     Defendants have used the Domain Name with a bad faith intent to profit from the use of the PRINCIPAL trademark, which is a well-known and indeed famous mark.

48.     Defendants' bad faith intent regarding the Domain Name is shown from, among other things, the fact that Defendants have sought to trade off the valuable goodwill in Principal's famous PRINCIPAL mark in the provision of Defendants' Services by means of the Domain Name.  Such infringing use is not a *bona fide* offering of any goods or services.

49.     Defendants' infringing activities (including the Defendants' Services) undertaken at the website published at the Domain Name further demonstrate Defendants' bad faith, in that such infringing activities show an intent to divert consumers from Principal's own websites and other online locations in a manner that harms the goodwill of the PRINCIPAL Family of Marks.

50.     Defendants' use of the Domain Name has been for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendants' website published at the Domain Name.

51.     The Domain Name was registered on April 12, 2022. Principal's PRINCIPAL mark, and other marks in the PRINCIPAL Family of Marks were, by the date of the registration of the Domain Name, distinctive and indeed famous.

COMPLAINT                                        11

52.    The Domain Name comprises Principal's PRINCIPAL mark in its entirety, and thereby is identical or confusingly similar to the PRINCIPAL mark.

## COUNT V

### Oregon Common Law Trademark Infringement

53.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

54.    A common law claim for trademark infringement under Oregon law requires (1) that the plaintiff owns a distinctive mark; and (2) that the use of that mark by the defendant is likely to cause confusion in the mind of the public as to the source of the defendant's goods or services.

55.    As described herein, the Plaintiff's PRINCIPAL Family of Marks is distinctive.

56.    As described herein, the Defendants' use of the nearly identical US PRINCIPAL trade name and service mark in connection with Defendants' Services is likely to create confusion as to the source of Defendants' Services.

57.    Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

58.    Plaintiff has no adequate remedy at law.

59.    Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

A. Find that Defendants willfully violated Sections 32(1), 43(a), 43(c) and 43(d) of the Lanham Act, 15 U.S.C. §1051 *et seq*.;

B.  Find Defendants liable for acts of trademark infringement under the common law of the State of Oregon;

C.  Preliminarily and permanently enjoin Defendants and any agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from use of the US PRINCIPAL trade name and service mark or any other colorable imitation of any PRINCIPAL and/or PRINCIPLE trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

D.  Pursuant to 15 U.S.C. §1118, order Defendants to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions, and all other matter in custody or under the control of Defendants that bear any of the PRINCIPAL Family of Marks or any other mark that is likely to be confused with one or more of the PRINCIPAL Family of Marks;

E.  Order that the domain name <usprincipal.live> be transferred to Plaintiff.

F.  Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

G.  Order an award of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

H.  Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

I.  Pursuant to 15 U.S.C. §1116, order Defendants to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

J.   Award Plaintiff all costs, disbursements, and reasonable attorneys' fees, due to the

exceptional nature of the case pursuant to 15 U.S.C. §1117; and

K.   Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Dated: January 3, 2023.

s/Jeffrey T. Norberg
Jeffrey T. Norberg, Bar No. 210837